## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| RHOQUAN H. FRANKLIN,  )<br>    *Plaintiff*,  )<br>  )<br>v.  )<br>  )<br>MANCHESTER POLICE  )<br>DEPARTMENT, *et al.*  )<br>    *Defendants*.  ) | 3:24-cv-1638 (SVN)<br><br><br><br><br><br><br>August 25, 2025 |

## RULING ON DEFENDANTS' MOTIONS TO DISMISS

Sarala V. Nagala, United States District Judge.

In this removed action, Plaintiff Rhoquan H. Franklin, proceeding *pro se*, sues the Manchester, Connecticut Police Department and Manchester Police Officers Cory Wesoloskie, Maria Garay, and Joshua Eastwood (the "Officer Defendants") for alleged violations of his rights in connection with his May 14, 2021, arrest. Plaintiff appears to allege claims for false arrest, unreasonable search and seizure, excessive force, and deliberate indifference arising under 42 U.S.C. § 1983. Interpreting Plaintiff's complaint liberally, the three Officer Defendants searched and arrested him without explanation while exercising excessive force during his arrest. Plaintiff further alleges he was not read his *Miranda* rights and was denied medical attention for injuries sustained during his arrest. Although Plaintiff does not specify what crime(s) he was charged with, the charges ultimately were dismissed. Defendants have moved to dismiss the claims for lack of subject matter jurisdiction and failure to state a claim. *See* Defs.' Mot. Dismiss, ECF No. 21. Because the Manchester Police Department is not an entity capable of being sued under Section 1983, and because Plaintiff fails to adequately allege the personal involvement of the Officer Defendants, the Court GRANTS Defendants' motion to dismiss, with partial leave to amend.

   I.   **FACTUAL BACKGROUND**

The Court accepts the following allegations in Plaintiff's complaint as true for purposes of deciding Defendants' motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

On or about May 14, 2021, Plaintiff and his wife were residing at Hawthorn Inn and Suites in Manchester, CT (the "Residence"). ECF No. 1-1 ¶¶ 1–2. At "approximately 11:20 hours," "three Manchester Police Officers" arrived at the Residence. *Id.* ¶ 1. Upon hearing a loud bang on the door of the Residence, Plaintiff went to open the door and, noticing it was the police, "immediately raised [his] hands and complied with their demands and searches." *Id.* ¶ 2. Plaintiff was then searched and, "without any reason," was "swept" face down onto the ground with "a knee on [his] back," placed in handcuffs, and then Tasered twice after being handcuffed. *Id.* ¶ 3. Plaintiff maintains that he was fully compliant with police throughout the encounter, and did not "threaten, [or] verbally or physically show any type of aggression." *Id* ¶¶ 3–4. Plaintiff was not given an opportunity to present identification or state his name before he was assaulted. *Id.* ¶ 4. Although Plaintiff does not identify the offense(s) for which he was arrested, he notes that he never "show[ed] any type of aggression towards anyone including the alleged victim in the said matter." *Id.*

While also not explicit in Plaintiff's complaint, it appears Plaintiff was then transported to an unspecified holding location. While in the custody of the Manchester Police Department there, Plaintiff was denied medical attention, denied the ability to make a phone call, and was never read his *Miranda* rights. *Id.* ¶ 5. Plaintiff was arraigned "[a]lmost right after this," before "any physical evidence or reports from said matters" were presented. *Id.* ¶ 6.

2

After the underlying criminal action against Plaintiff was nolled,[1] "a great deal of evidence" was disclosed to him, through which he discovered that three officers were involved involved in his arrest. *Id.* ¶ 7. Plaintiff maintains all three officers lied in their reports about the "incident,"[2] and that despite the existence and review of body camera and dashboard camera footage, the Officer Defendants' "sworn affidavits were still signed off on by multiple sergeants and lieutenants." *Id.* ¶ 8.

On December 27, 2023, Plaintiff filed his complaint and summons in Connecticut Superior Court.[3] *See id.* at 5. On July 22, 2024, Plaintiff received a notice stating that his complaint and summons were being returned because both documents were missing original signatures, the summons was missing an original signature with a date, and the purported complaint was not "listed as a complaint." *See* Pl.'s Opp. Br., ECF No. 24 at 15. Plaintiff resubmitted his complaint and summons—curing the deficiencies identified in the court's notice—and both were docketed in the state court action on September 23, 2024. *See* Complaint, Summons, *Franklin v. Manchester Police Dep't*, No. HHD-CV24-5085376-S (Conn. Super. Ct.) ("Superior Court Docket"); Summons, ECF No. 1-1 at 1. All Defendants were served on September 19, 2024. *See* Return of Service, Superior Court Docket, Dkt. No. 100.30.

On October 14, 2024, Defendants timely removed the action to federal court on the basis of federal question jurisdiction. *See* Not. of Removal, ECF No. 1 ¶ 4. Defendants then filed a

---

[1] Pursuant to Connecticut General Statute § 54-56b, the prosecuting official may enter a *nolle prosequi* on criminal charges, under certain circumstances. A *nolle prosequi* is "functionally equivalent to a dismissal without prejudice." *Kennedy v. Comm'r of Corr.*, 144 Conn. App. 68, 71 n.4 (2013) (citation omitted).

[2] It is unclear whether the "incident" is Plaintiff's arrest, the circumstances leading to his arrest, the events after his arrest, or all of the above.

[3] The Court takes judicial notice of the Superior Court Docket in order fully address the procedural history of this case. *See Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir. 1998) ("A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings."); *see also Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012) (courts may take "judicial notice of relevant matters of public record").

motion to dismiss for lack of subject matter jurisdiction and failure to state a claim, which Plaintiff opposes. *See* Defs.' Br., ECF No. 21-1; ECF No. 24. The Court temporarily stayed discovery in the action pending resolution of the motion to dismiss, due to Plaintiff's failure to engage in the Rule 26(f) process (despite being afforded an extension to do so). *See* Order, ECF No. 32.[4] In opposition to the motion to dismiss, Plaintiff states this Court has jurisdiction to hear cases on unspecified "constitutional violations." ECF No. 24 at 2. Plaintiff also makes passing references in his response to § 1983 and the Fourth Amendment. *Id.*

The Court construes Plaintiff's complaint to allege causes of action for false arrest, illegal search and seizure, excessive force, and deliberate indifference to medical needs, all arising under § 1983.[5]

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a case or cause of action for failure to state a claim upon which relief can be granted. When determining whether a complaint states a claim upon which relief can be granted, highly detailed allegations are not required, but the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This plausibility standard is not a "probability

---

[4] Although Plaintiff was incarcerated at the time he filed his opposition to the motion to dismiss, *see* Not. of Address Change, ECF No. 24, it appears he is no longer incarcerated, as the Department of Correction's Inmate Locator does not return any results when queried for his name or inmate number as of the date of this ruling.

[5] Although Plaintiff alleges that his *Miranda* rights were not read to him, the "mere failure to give *Miranda* warnings does not, by itself, violate a suspect's constitutional rights or even the *Miranda* rule." *United States v. Patane*, 542 U.S. 630, 641 (2004) (plurality opinion); *see also Traylor v. Hammond*, 94 F.Supp.3d 203, 214 (D. Conn. 2015) ("A police officer's failure to read *Miranda* warnings to an individual does not violate such individual's constitutional rights."). As a result, the Court does not read Plaintiff's complaint as bringing a cause of action based on Defendants' alleged failure to read Plaintiff's *Miranda* rights to him.

4

requirement," but imposes a standard higher than "a sheer possibility that a defendant has acted unlawfully." *Id.* In undertaking this analysis, the Court must "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted).

The Court is not "bound to accept conclusory allegations or legal conclusions masquerading as factual conclusions," *id.*, and "a formulaic recitation of the elements of a cause of action will not do," *Iqbal*, 556 U.S. at 678. Consequently, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

These pleading standards apply to self-represented parties. It is true that Courts are under an obligation to extend "special solicitude" to *pro se* litigants and ought to read their pleadings "to raise the strongest arguments that they suggest." *Fowlkes v. Ironworkers Loc. 40*, 790 F.3d 378, 387 (2d Cir. 2015) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006)) (internal quotation marks omitted). But at the same time, a *pro se* complaint must meet the basic pleading standards outlined above to survive a motion to dismiss. *Id.* (citing *Twombly*, 550 U.S. at 570).

### III. DISCUSSION

#### A. Manchester Police Department

The Court first addresses Plaintiff's claims against the Manchester Police Department. The Court dismisses the claims against the department without leave to amend.

Section § 1983 prohibits a "person," acting under color of law, from violating another person's rights. Although a municipality is subject to suit pursuant to § 1983, *see Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978), "a municipal police department is a sub-unit or agency of the municipal government . . . not an independent legal entity," and as such cannot be properly sued pursuant to § 1983. *Nicholson v. Lenczewski*, 356 F. Supp. 2d 157, 164 (D. Conn. 2005) (citing cases); *see also Rose v. City of Waterbury,* No. 3:12-CV-291 (VLB), 2013 WL 1187049, at *9 (D. Conn. Mar. 21, 2013) (quoting *Arteaga v. Town of Waterford*, No. HHDX-07-CV-5013377S, 2010 WL 1611377, at *9 (Conn. Super. Ct. Mar. 16, 2010) ("the 'Connecticut General Statutes contain no provision establishing municipal departments, including police departments, as legal entities separate and apart from the municipality they serve, or providing that they have the capacity to sue or be used . . . Rather, pursuant to Connecticut enabling legislation, it is the municipality itself which possesses the capacity to sue and be sued.'")

Plaintiff's complaint specifically names the "Manchester Police Department" as defendant. ECF No. 1-1 at 3. A town or city's police department, as noted above, is not considered a municipality, but rather a sub-entity of one under the Connecticut General Statutes. As such, Plaintiff cannot pursue a Section 1983 claim against the Manchester Police Department. Plaintiff's claims against the Manchester Police Department are dismissed with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(6), given the futility of any amended pleading.[6] *See Villano v.*

---

[6] While Plaintiff may not sue the Manchester Police Department, he may bring suit against the individual officers involved in his arrest on some of his claims, as he has here, or against the Town of Manchester. To properly bring suit against the Town of Manchester, Plaintiff would have to demonstrate, *inter alia*, "that the city's "policy or custom" caused a deprivation of his rights. *Monell*, 436 U.S. at 694 ("We conclude, therefore, that a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.") The Court cannot plausibly construe any of the factual allegations laid out in Plaintiff's complaint to implicate an official policy or custom of the Town of Manchester. Nor is there any suggestion the Officer Defendants were final policymakers for the Town. Thus, the Court does not construe the complaint as raising a claim for municipal liability.

*Woodgreen Shelton*, LLC, No. 3:19-CV-00097 (KAD), 2019 WL 4889013, at *2 (D. Conn. Oct. 3, 2019) (dismissing claims against two municipal police departments with prejudice for failure to state a claim "because any efforts to amend the claims against these defendants would be futile, as neither defendant is a legal entity capable of being sued"); *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (affirming district court's decision to dismissal a complaint without leave to replead, because the "problem with [the plaintiff's] causes of action is substantive; better pleading will not cure it").

B. Statute of Limitations

The Court next addresses whether Plaintiff's claims against the Officer Defendants are time-barred, as Defendants argue. The Court concludes that while the claims are untimely under the applicable statute of limitations, there is insufficient evidence at this stage to conclusively determine whether the claims should be equitably tolled. Thus, Plaintiff's claims as against the Officer Defendants cannot be dismissed as untimely under a motion to dismiss.

Because Section 1983 has no federal statute of limitations, federal courts "borrow the 'most analogous' state statute of limitations." *Connelly v. Komm*, No. 3:20-cv-1060 (JCH), 2021 WL 5359738, at *3 (D. Conn. Nov. 16, 2021) (quoting *Bd. of Regents v. Tomanio*, 446 U.S. 478, 488 (1980)). In Connecticut, courts borrow the statute of limitations from the state's personal injury statute, which is three years. *See Lounsbury v. Jeffries*, 25 F.3d 131, 134 (2d Cir. 1994) (applying Conn. Gen. Stat. § 52-577 to § 1983 claims). Furthermore, "a federal court must honor state court rules governing commencement of civil actions when an action is first brought in state court and then removed to federal court, even though the cause of action arises in federal law." *Boyd v. Larregui*, No. 3:22-CV-1592 (JAM), 2023 WL 6626152, at *2 (D. Conn. Oct. 11, 2023) (quoting *Winkels v. George A. Hormel & Co.*, 874 F.2d 567, 570 (8th Cir. 1989)). There is a "long line of Connecticut cases holding, in a variety of contexts, that commencing or 'bringing' an action under

7

Connecticut law means serving the summons and complaint on the defendant." *Bates v. City of Bristol*, No. 3:17-CV-01066 (MPS), 2018 WL 1472523, at *5 (D. Conn. Mar. 26, 2018) (collecting cases).

Here, the three-year time clock on Plaintiff's Section 1983 claims began to run on May 14, 2021, the day of his arrest. Thus, to be timely, Plaintiff was required to bring his action before May 13, 2024. Although Plaintiff attempted to file a summons and complaint in state court on December 27, 2023, it is undisputed that Defendants were not served until September 19, 2024. Thus, applying Connecticut law, Plaintiff did not commence the state action until September 19, 2024, more than three years after May 14, 2021. Accordingly, Plaintiff's Section 1983 claims were brought outside of the three-year limitations period provided by Conn. Gen. Stat. § 52-577, and would ordinarily be barred by the statute of limitations.

1. *Equitable Tolling*

Equitable tolling may excuse Plaintiff's untimely filing, however. Equitable tolling is a doctrine that "permits courts to extend a statute of limitations on a case-by-case basis to prevent inequity." *Warren v. Garvin*, 219 F.3d 111, 113 (2d Cir. 2000). "[E]quitable tolling pauses the running of, or 'tolls,' a statute of limitations when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action." *Lozano v. Montoya Alvarez*, 572 U.S. 1, 10 (2014). "When determining whether equitable tolling is applicable, a district court must consider whether the person seeking application of the equitable tolling doctrine (1) has acted with reasonable diligence during the time period [he] seeks to have tolled, and (2) has proved that the circumstances are so extraordinary that the doctrine should apply." *Zerilli-Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 80–81 (2d Cir. 2003); *Clark v. Hanley*, 89 F.4th 78, 92 (2d Cir. 2023); *see also Doe v. United States*, 76 F.4th 64, 71 (2d Cir. 2023) ("The law

prohibits a judge from exercising her discretion [to grant equitable tolling] where these two elements are missing.").

"While equitable tolling is warranted only in rare and exceptional circumstances . . . courts do not apply its requirements mechanistically[.]" *Harper v. Ercole*, 648 F.3d 132, 136 (2d Cir. 2011) (citations and internal quotation marks omitted). "Rather, 'the exercise of a court's equity powers must be made on a case-by-case basis,' mindful 'that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case.'" *Id.* (quoting *Holland v. Florida*, 560 U.S. 631, 650 (2010)). Equitable tolling is generally considered appropriate where "the plaintiff actively pursued judicial remedies but filed a defective pleading during the specified time." *Zerilli-Edelglass*, 333 F.3d at 80 (citations omitted).

As the determination of whether equitable tolling is appropriate is a "highly case-specific inquiry," *Bolarinwa v. Williams*, 593 F.3d 226, 232 (2d Cir. 2010), the Court concludes further development of the factual record is appropriate, and dismissal at this stage is inappropriate.

To begin, it is undisputed that Plaintiff filed the summons and complaint with the Connecticut Superior Court during the three-year period, and Plaintiff contends that the court did not inform him of the defects in his pleadings until July 22, 2024—nearly seven months after Plaintiff filed his initial pleading (and more than two months past the limitations period). *See* ECF No. 24 at 3; *id.* at 15 (letter signed July 22, 2024, from the court explaining why Plaintiff's "original documentation" was being returned). Taking these allegations and factual support as true, there is an open question as to whether equitable tolling may be appropriate in this situation. *See Zerilli-Edelglass*, 333 F.3d at 80 (recognizing that equitable tolling is generally appropriate where a party filed a defective pleading in a timely fashion).

Critically, however, in order to demonstrate his entitlement to equitable tolling, Plaintiff impermissibly relies on extrinsic material in his opposition to Defendants' motion to dismiss. A plaintiff, just like a defendant, may not submit extraneous material, such as exhibits attached to a response to a motion to dismiss, for consideration on a motion to dismiss for failure to state a claim unless the extrinsic evidence is integral to the complaint. *See Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria*, 265 F.R.D. 106, 122–23 (S.D.N.Y. 2010) (collecting cases); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (extraneous material is "integral" to the complaint if the complaint relies heavily upon its terms and effect). If matters outside of the pleading are presented and not excluded by the Court, "the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d); *see Chambers*, 282 F.3d at 154 (in analyzing a Rule 12(b)(6) motion, the district court may either exclude the extraneous material or convert the motion to one for summary judgment). While documentation of a delayed filing and the reasons for it is critical to an evaluation of the appropriateness of equitable tolling, it has little to do with the allegations in the complaint, which concern violations of Plaintiff's constitutional rights and thus cannot be considered "integral." Thus, the Court opts to exclude the letter Plaintiff received from the Connecticut Superior Court, rather than converting the motion into one for summary judgment.

But it is clear from the complaint itself that Plaintiff *attempted* to initiate the action before the statute of limitations period ended. *See* ECF No. 1-1 at 3 (complaint dated December 27, 2023). And even without considering the letter from the Connecticut Superior Court, Plaintiff's opposition brief states that he received a "return of papers from the court (7-22-24) with instructions to correct some errors" he made. ECF No. 24 at 3. The question of whether equitable tolling applies thus depends on what occurred between December 27, 2023, and July 22, 2024, and

10

then what occurred between July 22, 2024, and September 19, 2024—the date of service on Defendants. That answer, and the extent to which Plaintiff acted with reasonable diligence during these periods, present factual questions not properly resolved on a motion to dismiss. *See Modica v. N.Y.C. Dep't of Educ.*, No. 30-CV-4834 (JMF), 2021 WL 3408587, at *3–4 (S.D.N.Y. Aug. 4, 2021) ("At a minimum, the Court cannot say as a matter of law that equitable tolling is unavailable because it turns on factual issues outside the record."); *Clark*, 89 F.4th at 94 ("[E]quitable tolling often raises fact-specific issues premature for resolution on a Rule 12(b)(6) motion, before a plaintiff can develop the factual record."); *Stensrud v. Rochester Genesee Reg'l Transp. Auth.*, 507 F. Supp. 3d 444, 453 (W.D.N.Y. 2020) ("When a plaintiff raises an equitable tolling argument in response to a motion to dismiss on statute of limitations grounds, the motion to dismiss should be denied unless all assertions of the complaint, as read with required liberality, would not permit the plaintiffs to prove that this statute was tolled." (citations and internal quotation marks omitted)).

Accordingly, Defendants' motion to dismiss is denied on this ground, without prejudice to their re-raising the affirmative defense of untimeliness after further development of the record, should Plaintiff amend his complaint as allowed below.

C. Personal Involvement of Officer Defendants

For the reasons discussed below, however, the Court finds that Plaintiff's complaint fails to properly allege the personal involvement of the Officer Defendants in the alleged constitutional violations. As the sole allegation concerning the Officer Defendants' actions is that they "[a]ll lied in their Police Reports in Regards to this incident," ECF No. 1-1 at 5, the Court cannot conclude that Plaintiff has sufficiently put these Defendants on notice of his claims against them. The complaint is therefore dismissed with leave to amend.

11

The Court construes the complaint as alleging claims against the Officer Defendants in their individual capacities for monetary damages.[7] "'It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" *Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) (quoting *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)). "Pleadings that (1) 'fail[] to differentiate among the defendants, alleging instead violations by the defendants'; (2) 'fail[] to identify which defendants were alleged to be responsible for which alleged violations,' or; (3) 'provide no factual basis to distinguish [the defendants'] conduct' may not meet this standard." *Arias v. East Hartford*, No. 3:20-CV-00895 (JHC), 2021 WL 3268846, at *3 (D. Conn. July 30, 2021) (quoting *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001)). Such claims can thus be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because they "fail to meet the requirement in Federal Rule of Civil Procedure 8 that 'a complaint give each defendant fair notice of what the plaintiff's claim is and the ground upon which it rests.'" *Id.* (quoting *Atuahene*, 10 F.App'x at 34).

Because of this fair notice requirement, "complaints that rely on 'group pleading'" are generally "'insufficient to state a claim.'" *Gonzalez v. Yepes*, 3:19-cv-00267 (CSH), 2019 WL 2603533, at *7 (D. Conn. June 25, 2019) (quoting *Adamou v. Cty. of Spotsylvania, Va.*, No. 12-cv-7789 (ALC), 2016 WL 1064608, at *11 (S.D.N.Y. Mar. 14, 2016)). However, the group pleading rules are "fact-dependent and far from absolute." *Arias*, 2021 WL 3268846, at *4. In

---

[7] While Plaintiff has not specified in his complaint whether he seeks claims against the Officer Defendants in their individual, official, or both individual and official capacities, Plaintiff requests only money damages in his complaint. *See* ECF No. 1-1 at 6. Any potential claim for money damages against the Officer Defendants in their official capacities would fail under the Eleventh Amendment. *See e.g., Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *Fuller v. Smirga*, No. 3:15-cv-00112 (JAM) 2015 WL 893466, at *1,3 (D. Conn. 2015) (dismissing claims for monetary damages against Bridgeport, Stratford, and Fairfield police officers in their official capacities because the officers in their official capacity were "immune under the Eleventh Amendment"). As such, the Court treats the claims as ones brought against the Officer Defendants in their individual capacities only.

12

determining whether a complaint that alleges facts against a group of individuals is nonetheless permissible, courts look to see if an exception should apply. *See Bruce Kirby, Inc. v. Quarter Moon, Inc.*, No. 17-CV-1389, 2018 WL 3614120, at *2 (D. Conn. July 27, 2018) (refusing to dismiss a complaint that referred to all defendants collectively when the information posted online was not "peculiarly and facially traceable to any one defendant"); *New York Am. Water Co., Inc. v. Dow Chemical Co.*, No. 19-CV-2150, No. 19-CV-5632, 2020 WL 9427226, at *4 (E.D.N.Y. Dec. 11, 2020) (allowing a claim that grouped all defendants together to proceed when it was clear that "identical claims" were being brought against the defendants). The particular factual context of a particular case is "even more important when pleadings allege police misconduct." *Arias*, 2021 WL 3268846, at *4; *see also Messina v. Mazzeo*, 854 F.Supp. 116, 126 (E.D.N.Y. 1994) (refusing to dismiss a claim for excessive force against seven officers that did not specify which officer did what because given the context "[i]t would be asking too much for an arrestee to remember and plead the role each of several police officer played in [this] alleged instance of police brutality").

Plaintiff's complaint here refers to "three Manchester Police Officers" being present at the scene. Construing Plaintiff's complaint liberally, the Court assumes the three Officer Defendants are those who were present at the scene. But Plaintiff's complaint does not provide any detail as to which of the three officers were responsible for which actions (i.e., using a Taser to subdue Plaintiff, exercising excessive force, searching Plaintiff, or even physically arresting him). Only in the final paragraph of Plaintiff's complaint does he allege a specific action by the three Officer Defendants: that "all lied in their Police Reports." ECF No. 1-1 ¶ 8. Without additional detail, however, this allegation is insufficient to sustain a claim for violation of Plaintiff's constitutional

rights.[8]  Nor does Plaintiff's complaint suggest that any of the three Officer Defendants were involved in the alleged deprivation of medical care while Plaintiff was at the police department. ECF No. 1-1 at 5.  Thus, because Plaintiff's complaint relies on group pleading to further his claims of constitutional rights violations against the Officer Defendants, the Court must determine whether there is any exception that excuses Plaintiff's lack of specificity.

Here, as in *Arias* and *Mesina*, the Court has construed Plaintiff's complaint to contain a claim of excessive force.  However, unlike *Arias* and *Mesina*, Plaintiff alleges he was "disclosed a great deal of evidence"—evidence which, upon review, allowed him to conclude that there were "three officers involved," *id.*, and presumably allowed him to make the determination that the Officer Defendants had "all lied in their Police Reports."  *Id.* at 4, 7.  As noted previously, it is unclear which incident the Officer Defendants lied about, *supra* n.2, although that is ultimately immaterial to the analysis here.  From the face of the complaint, it is clear Plaintiff had access to records that allowed him to, among other things, determine the number of officers involved and their names, and thus he could have included additional specificity as to the actions of each Officer Defendant.  ECF No. 1-1 at 4.  In other words, Plaintiff would not have to rely solely on his recollection of a traumatic experience, as in *Arias* and *Messina*.  Because the Court can glean from Plaintiff's complaint that he was afforded an opportunity to examine supporting evidence

---

[8] "'[T]he mere filing of a false police report, without more, does not create a right of action in damages under § 1983.'" *Arpino v. Flynn*, No. 3:22-cv-01550 (KAD), 2023 WL 11841475, at *12 (D. Conn. Jan. 3, 2023) (quoting *Mamot v. Geico Car Ins.*, No. 21-CV-6717 (LTS), 2021 WL 4443124, at *3 (S.D.N.Y Sept. 27, 2021)); *see also Zahrey v. Coffey*, 221 F.3d 342, 348 (2d Cir. 2000) (by itself, "the manufacture of false evidence . . . does not impair anyone's liberty, and therefore does not impair anyone's constitutional right.").  Plaintiff has alleged that the Officer Defendants all lied in their reports, but does not provide any further specificity in his complaint as to how their reports were used against him, if at all.  Plaintiff's complaint is not even clear as to what specific incident was covered in the Officer Defendants' reports.  Without any further context, Plaintiff does not state an actionable claim for violation of his constitutional rights on account of the allegedly fabricated police reports.  Plaintiff is free to replead his claim with further specificity.

14

before filing his complaint, the Court cannot apply the exception for excessive force claims from *Arias* and *Mesina* here.

Further, other exceptions also do not apply here to excuse Plaintiff's group pleading. Unlike in *Bruce Kirby*, the constitutional rights violations that Plaintiff alleges can be differentiated as to each individual Officer Defendant. Who used a Taser to subdue Plaintiff and who denied him medical assistance, for example, can be identified with further specificity, both by Plaintiff's recollection as well as by any evidence Plaintiff himself says he was provided. Additionally, even construing Plaintiff's allegations liberally, it is not clear from the complaint that Plaintiff intended to bring the same claims and allege the same actions as against each of the Officer Defendants uniformly. For example, Plaintiff in his complaint alleges that when he was arrested, he was brought to the ground "with *a* knee in [his] back." ECF No. 1-1 at 3 (emphasis added). The allegation that there was only one knee in his back suggests that all three officers may not be involved in that particular action, and thus it cannot be said with certainty that Plaintiff intended to bring identical claims of excessive force against each of the three Officer Defendants.

For these reasons, Plaintiff's group pleading does not fit under any of the exceptions the Court has identified. Because Plaintiff has not alleged with specificity in his complaint which actions were taken by which Officer Defendants, and thus which claims are brought against which individuals; and because there exists no applicable exception for Plaintiff's group pleading, Plaintiff's claims as against the individual Officer Defendants are dismissed, with leave to

15

replead.[9]  In light of this holding, the Court need not reach Defendants' other arguments for dismissal.

## IV.  CONCLUSION

For the reasons detailed herein, Defendants' motion to dismiss, ECF No. 21, is GRANTED.

Defendants' motion to dismiss is granted without leave to replead as to all claims against the Manchester Police Department.  The Clerk is directed to terminate the Manchester Police Department from this action.

Defendants' motion to dismiss against the Officer Defendants is granted with leave to replead as to the warrantless search and seizure, excessive force, false arrest, and deliberate indifference to medical needs claims.

Defendants' motion to dismiss Plaintiff's complaint on the grounds of the affirmative defense of untimeliness is denied.  Defendants' motion is denied without prejudice to their re-raising the affirmative defense of untimeliness after further development of the record, should Plaintiff amend his complaint.

---

[9] Plaintiff's complaint also states that the Officer Defendants' statements were "signed off on by *multiple sergeants and lieutenants* and completely ignored by the police *and their overseers*." ECF No. 1-1, at 5 (emphasis added). This language could reasonably be construed to be a claim for supervisory liability. It is well established in this Circuit that there is no "separate test of liability specific to supervisors"; rather, a plaintiff must show a supervisor violated a constitutional right "by [the supervisor's] own conduct, not by reason of . . . supervision of others who committed the violation." *Tangreti v. Bachmann*, 983 F.3d 609, 619 (2d Cir. 2020). As such, any claim against any "overseers" would fail as no overseers are named in the complaint and the Court cannot reasonably construe any statement in the complaint to specify an overseer.  To the extent Plaintiff wishes to specify any claims against any overseers, separate and distinct from any claim(s) against the Town of Manchester, Plaintiff may do so in an amended pleading.

Plaintiff may file an amended complaint no later than **September 15, 2025**. If Plaintiff fails to comply with this deadline, the Court will close this action. In amending his complaint, Plaintiff may wish to contact the Quinnipiac Law Federal Pro Se Legal Assistance Program at https://law.qu.edu/academics/clinics-and-externships/federal-pro-se-legal-assistance-program/ to seek free, limited scope legal advice in connection with this matter.

**SO ORDERED** at Hartford, Connecticut, this 25th day of August, 2025.

　　　　　　　　　　　　　　　　　　　 */s/ Sarala V. Nagala*　　　　　
　　　　　　　　　　　　　　　　　　　SARALA V. NAGALA
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE